## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to:<br>*DENNIS MARSHALL AND*<br>*PATRICIA MARSHALL*<br><br>Plaintiff(s),<br><br>vs.<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>Defendants. | **AMENDED SHORT FORM COMPLAINT AND JURY TRIAL DEMAND**<br><br><br>Case No.: 0:20-cv-01889 |

1.      Plaintiff(s),   Dennis Marshall and Patricia Marshall , state(s) and bring(s)

this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip

Implant Products Liability Litigation.*   Plaintiff(s) is/are filing this Short Form Complaint

as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff,   Dennis Marshall          , is a resident and citizen of the

State of   Wisconsin    and claims damages as set forth below.

3.      Plaintiff's Spouse,   Patricia Marshall          , is a resident and

citizen of the State of <u>Wisconsin</u>, and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*

4.    Venue of this case is appropriate in the United States District Court, <u>Eastern</u> District of <u>Wisconsin</u>. Plaintiff states that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, <u>Eastern</u> District of <u>Wisconsin</u>. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5.    Plaintiff brings this action *[check the applicable designation]*:

<u>    X    </u>        On behalf of himself/herself;

<u>         </u>        ~~In a representative capacity as the _____ of the _____ having been~~ ~~duly appointed as the _____ by the _____ Court of _____. A~~ ~~copy of the Letters of Administration for a wrongful death claim is~~ ~~annexed hereto if such letters are required for the commencement of~~ ~~such a claim by the Probate, Surrogate or other appropriate court of~~ ~~the jurisdiction of the decedent.~~ *~~[Cross out if not applicable.]~~*

## FACTUAL ALLEGATIONS

<u>Allegations as to **Right-Side** Implant/Explant Surgery(ies):</u>   *[Cross out if not applicable]*

6.    Plaintiff was implanted with a Rejuvenate / ~~ABG II~~ *(cross out the one that is inapplicable)* Modular hip stem on his/her right hip on or about February 14, 2012, at the Mercy Lake Geneva Medical Center, 350 Peller Road, Lake Geneva, WI 53147, by Dr. Craig C. Lyon. *[Cross out if not applicable]*

7.      Plaintiff had the right hip stem at issue explanted on July 15, 2019, at Mercy Lake Geneva Medical Center, 350 Peller Road, Lake Geneva, WI 53147 by Dr. Craig C. Lyon.   *[Cross out if not applicable.]*

8.      ~~Plaintiff will have the right hip stem at issue explanted on or about~~ _____, ~~at~~ _____ ~~(medical center and address) by Dr.~~ _____.   *[Cross out if not applicable.]*

9.      ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip stem at issue.~~   *[Cross out if not applicable.]*

Allegations as to **Left-Side** Implant/Explant Surgery(ies):   *[Cross out if not applicable]*

10.     ~~Plaintiff was implanted with a Rejuvenate / ABG II *(cross out the one that is inapplicable)* Modular hip stem on his/her left hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~   *[Cross out if not applicable.]*

11.     ~~Plaintiff had the left hip stem at issue explanted on _____, at _____ (medical center and address) by Dr. _____.~~   *[Cross out if not applicable.]*

12.     ~~Plaintiff will have the left hip stem at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~   *[Cross out if not applicable.]*

13.     ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip implant at issue.~~   *[Cross out if not applicable.]*

3

## ALLEGATIONS AS TO INJURIES

14.    (a)   Plaintiff claims damages as a result of (check all that are applicable):

_____X_____          INJURY TO HERSELF/HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

_____X_____          ECONOMIC LOSS

(b)   Plaintiff's spouse claims damages as a result of (check all that are

applicable):   *[Cross out if not applicable.]*

_____X_____          LOSS OF SERVICES

_____X_____          LOSS OF CONSORTIUM

15.    Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

16.    Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.   *[Cross out if not applicable.]*

17.    Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

4

18.    Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff(s) came to learn of the recall.

19.    In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

20.    The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

|   |   |
|---|---|
| X | COUNT I - NEGLIGENCE; |
| X | COUNT II - NEGLIGENCE PER SE; |
| X | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| X | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |
| X | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| X | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| X | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| X | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| X | COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, |

5

CONSUMER PROTECTION, MERCHANDISING
PRACTICES AND FALSE ADVERTISING ACTS

___X___ COUNT X – VIOLATION OF CONSUMER FRAUD
AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES
UNDER STATE LAW;

___X___ COUNT XI - NEGLIGENT MISREPRESENTATION

___X___ COUNT XII - LOSS OF CONSORTIUM

___X___ COUNT XIII – UNJUST ENRICHMENT

___X___ COUNT XIV – WRONGFUL DEATH

In addition to the above, Plaintiff(s) assert the following additional causes of action

under applicable state law:     Wisconsin Consumer Protection Act

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this
action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6

6.     For such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.


Date:   09/04/20

Respectfully submitted,
       /s/ Walter Kelley
BY: Walter Kelley
MA Bar: 670525
Bernheim Kelley Battista & Bliss, LLC
4 Court Street
Plymouth, MA 02360
Telephone: 617-865-3641
Fax: 617-830-0379
Email: wkelley@bkbblaw.com
Counsel for Plaintiff

7